GEOFFREY SPELLBERG (SBN 121079)
gspellberg@publiclawgroup.com
STEVE CIKES (SBN 235413)
scikes@publiclawgroup.com
RENNE PUBLIC LAW GROUP
350 Sansome Street, Suite 300
San Francisco, California 94104
Telephone: (415) 848-7200
Facsimile:  (415) 848-7320

Attorneys for Defendant
COUNTY OF SAN JOAQUIN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARJORIE BURRISE, individually,<br><br>        Plaintiff,<br><br>v.<br><br>SAN JOAQUIN COUNTY; DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (FEDERAL QUESTION)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant SAN JOAQUIN COUNTY ("Defendant" or "County") hereby removes to this Court the state court action described below:

**STATE COURT ACTION**

1.      On July 16, 2025, Plaintiff MARJORIE BURRISE ("Plaintiff" or "Burrise") filed an action in the Superior Court of the State of California, County of San Joaquin, entitled *Marjorie Burrise, individually v. San Joaquin County; Does 1 through 20, inclusive*; San Joaquin County Superior Court Case No. STK-CV-UPI-2025-0009685.  A true and correct copy of Plaintiff's Complaint for Damages [Individual Action; Jury Trial Demanded] is attached hereto as **Exhibit A**.

2.      The first date upon which the County received a copy of the Complaint was December 4, 2025, when the County was served with a copy of the Complaint and a Summons from the San Joaquin

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(A)

RENNE PUBLIC LAW GROUP
Attorneys at Law

County Superior Court. A true and correct copy of the Summons is attached hereto as **Exhibit B**. On December 8, 2025, Plaintiff filed a Proof of Service with the San Joaquin County Superior Court, confirming that the County was served with the Complaint and Summons on December 4, 2025. A true and correct copy of the Proof of Service is attached hereto as **Exhibit C**.

3. True and correct copies of the remaining materials in the Superior Court file are also attached as **Exhibit D**, to wit: (a) Civil Case Cover Sheet; (b) Notice of Case Assignment and Notice of Hearing; (c) Case Management Statement; and, (d) the San Joaquin Superior Court docket sheet. Neither the County nor any other Defendant has filed a responsive pleading or otherwise made an appearance in the state court action.

**JURISDICTION**

4. This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. § 1331.

5. This civil action may be removed to this Court by the County pursuant to the provisions of 28 U.S.C. § 1441(a) because it arises under federal question jurisdiction. Federal question jurisdiction exists in this case because Plaintiff asserts purported claims under the United States Constitution and federal statutes. In particular, Plaintiff's first cause of action purports to assert claims under the First Amendment to the United States Constitution; her second cause of action purports to assert a claim under 42 U.S.C. § 1981; and her third cause of action purports to assert a claim under 42 U.S.C. § 1983. *See* Exhibit A, pp. 9-11.

6. The Court has supplemental jurisdiction over Plaintiffs' remaining state law claims—i.e., Plaintiff's fourth through seventh causes of action (*see* Exhibit A, pp. 12-15)—pursuant to 28 U.S.C. § 1367.

7. The County has timely-filed this Notice of Removal with this Court within thirty (30) days after the County's receipt of the Complaint in accordance with 28 U.S.C. § 1446(b).

**NOTICE TO STATE COURT**

8. Concurrent with the filing of this Notice of Removal, the County is filing with the San Joaquin County Superior Court a Notice of Removal to Federal Court and serving the same on counsel

RENNE PUBLIC LAW GROUP
Attorneys at Law

-2-

for all parties in this action.  A true and correct copy of that Notice (without exhibits **and identifying federal case number**) is attached hereto as **Exhibit E**.

Dated:  January 2, 2026

RENNE PUBLIC LAW GROUP

By: _____
    STEVE CIKES

Attorneys for Defendant
COUNTY OF SAN JOAQUIN

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(A)

# EXHIBIT A

**PLD-PI-001**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY   STATE BAR NUMBER: 143948<br>NAME: Mark Charles Bowman<br>FIRM NAME: Bowman Law Practice<br>STREET ADDRESS: 1820 W. Kettleman Lane, Suite F<br>CITY: Lodi   STATE: CA   ZIP CODE: 95242<br>TELEPHONE NO.: (209) 367-3717   FAX NO.:<br>EMAIL ADDRESS: mark@bowmanpractice.com<br>ATTORNEY FOR (name): MARJORIE BURRISE | FOR COURT USE ONLY<br><br>Filed 7/16/2025<br>STEPHANIE BOHRER, CLERK<br>By _____ DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN
STREET ADDRESS: 180 E. Weber Avenue
MAILING ADDRESS: 180 E. Weber Avenue
CITY AND ZIP CODE: Stockton, CA 95202
BRANCH NAME: Stockton Courthouse

PLAINTIFF: MARJORIE BURRISE

DEFENDANT: SAN JOAQUIN COUNTY

[X] DOES 1 TO 20

| | |
|---|---|
| COMPLAINT—Personal Injury, Property Damage, Wrongful Death<br>[ ] AMENDED (Number):<br>Type (check all that apply):<br>[ ] MOTOR VEHICLE   [ ] OTHER (specify):<br>   [ ] Property Damage  [ ] Wrongful Death<br>   [X] Personal Injury   [ ] Other Damages (specify): | CASE NUMBER:<br>STK-CV-UPI-2025-0009165 |

Jurisdiction (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE  (does not exceed $35,000)
  Amount demanded [ ] does not exceed $10,000
              [ ] exceeds $10,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $35,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
   [ ] from limited to unlimited
   [ ] from unlimited to limited

1. Plaintiff (name or names): MARJORIE BURRISE
   alleges causes of action against defendant (name or names): SAN JOAQUIN COUNTY, and DOES 1-20

2. This pleading, including attachments and exhibits, consists of the following number of pages: 14
3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California.
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
         (b) [ ] other (specify):
      (5) [ ] other (specify):
   b. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California.
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
         (b) [ ] other (specify):
      (5) [ ] other (specify):
   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2024]

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

Code of Civil Procedure, § 425.12<br>www.courts.ca.gov

EXHIBIT A

-2-

**PLD-PI-001**

| SHORT TITLE: MARJORIE BURRISE V. SAN JOAQUIN COUNTY, et al. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*
is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ **except** defendant *(name):* SAN JOAQUIN COUNTY
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☒ a public entity *(describe):*

      (5) ☐ other *(specify):*

   c. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   b. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   d. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants *(specify Doe numbers):* 1-10 were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants *(specify Doe numbers):* 11-20 are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☒ at least one defendant now resides in its jurisdictional area.
   b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☒ Plaintiff is required to comply with a claims statute, **and**
   a. ☒ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

PLD-PI-001 [Rev. January 1, 2024]  **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**  Page 2 of 3

EXHIBIT A
-3-

PLD-PI-001

| SHORT TITLE: MARJORIE BURRISE V. SAN JOAQUIN COUNTY, et al. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

   a. ☐ Motor Vehicle

   b. ☐ General Negligence

   c. ☒ Intentional Tort

   d. ☐ Products Liability

   e. ☐ Premises Liability

   f. ☒ Other *(specify):* Violation of Labor Code Section 1198.5, et. seq.; U.S.C. Amend. I, et seq. Right to Petition the Government for a Redress of Grievances Clause, Freedom of Association, Freedom of Speech; 42 U.S.C.A. Section 1981, et seq. Equal Rights Under The Law; 42 U.S.C.A. Section 1983, et seq. Civil Action For Deprivation of Rights; Unruh Civil Rights Action Code Section 51, et seq.; Discrimination Prohibited Under FEHA Gov. Code Section 12940(a), et seq.; Violation of California Public Records Act Gov Code Section 7920 et seq.

11. Plaintiff has suffered *(check all that apply)*

   a. ☒ wage loss.

   b. ☐ loss of use of property.

   c. ☒ hospital and medical expenses.

   d. ☒ general damage.

   e. ☐ property damage.

   f. ☒ loss of earning capacity.

   g. ☒ other damage *(specify):*

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

   a. ☐ listed in Attachment 12.

   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

   a. (1) ☒ compensatory damages.

      (2) ☒ punitive damages.

   b. The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:

      (1) ☒ according to proof.

      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: July 16, 2025

Mark Charles Bowman
    (TYPE OR PRINT NAME)

▶ *(signature)*
    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2024]  **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**  Page 3 of 3

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[Print this form]  [Save this form]  [Clear this form]

EXHIBIT A
-4-

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MARJORIE BURRISE V. SAN JOAQUIN COUNTY, et al. | |

## ATTACHMENT 1

Plaintiff Burrise was a deputy district attorney for the County of San Joaquin prosecuting insurance fraud cases. Burrise had been working at the DA 's office for 9 years with positive performance reviews. In July of 2020, Burrise's nephew, Antwaune Burrise, was shot and killed by the Stockton Police Department. Antwaune was unarmed and preliminary investigation suggested that the shooting was excessive force.

Following the installation of Ron Freitas as San Joaquin County District Attorney on January 2, 2023, multiple employees who were female and/or black or of non-white/Caucasian descent were removed, demoted, or placed in such hostile work environments as to be constructively discharged, or as in Plaintiff's case, actually wrongfully discharged. DA Freitas was previously found to have illegally discriminated against black/African-American jurors, see *Johnson v. Finn* (2011) 665 F.3d 1063. Plaintiff became one of only 2 female African American attorneys at the District Attorney in an office of approximately 300.

Around June 2023, Plaintiff was approached by Deputy District Attorney Rick Price who requested that she move to another office and allow his staff to move into hers. She stated she would have to ask her supervisor, Jeff Derman. DDA Price responded that he trumps Jeff. While Plaintiff was not required to move offices at that time, it was ultimately accomplished by other means discussed below.

On February 28, 2024, Antwaune's  family was called in to meet with the District Attorney to discuss the shooting.  That morning, Chief Deputy District Attorney Mark Ott issued an office-wide email warning staff that Antwaune's family "may become hostile"—despite the fact that all previous visits were peaceful. During that same visit, DDA Burrise's family—comprised of four females and a 14-year-old male —was subjected to multiple security searches before being dismissed when attempting to ask Chief Ott questions. They were told, "No jury will convict these officers! If you don't like what I have to say you can take this memo and be on your way!"

Deeply disturbed by the treatment of her grieving family, DDA Burrise sent a respectful and composed internal email to the office on February 29, 2024, stating that her family had been mistreated and that while she disagreed with the outcome, she did not work on the case and respected the office's decision. As

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

| This page may be used with any Judicial Council form or any other paper filed with the court. | Page ___4___ |
|---|---|

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

EXHIBIT A

-5-

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MARJORIE BURRISE V. SAN JOAQUIN COUNTY, et al. | |

a result of that single email, Burrise was placed on administrative leave, had her access badge removed, and was escorted out of the building by security. At no time has Plaintiff been accused of being a physical threat.

By April 2024, she was abruptly demoted from her specialized role in auto insurance fraud despite successfully leading a major two-year case involving more than 20 staged vehicle collisions with unsuspecting victims, which was acknowledged and praised by her employer. This was the same position the office had invested in—using public grant funds for her advanced training just a couple months earlier. Stripping her of that role was personal, in violation of law, a demotion, and constituted harassment. Her caseload had been managed by her supervisor, Chief DDA Jeffrey Derman; but no replacement prosecutor was assigned, despite the office accepting state grant funds specifically to staff the role with a dedicated prosecutor—a clear example of misappropriation of funds.

While on administrative leave, she was misled into returning to the office under the impression—conveyed by her union president DDA Elton Grau—that she was only there to receive suspension paperwork and leave.  Instead, she was ambushed in a surprise meeting with ADA Rick Price regarding her new assignment, who offered a perplexing explanation that her reassignment was to "get [her] back into criminal law," disregarding the fact that insurance fraud is criminal law.

A recording of that meeting was shared with her legal team—including union president DDA Grau—to protect her interests. Notably, Grau worked directly under Chief Ott. The meeting's contents were also shared by union representative DDA Nicole Devencenzi, the wife of Judge Peter Devencenzi, a close ally and judicial endorsee of DA Freitas, with no punishment. Without notice or consent, DDA Grau unilaterally abandoned his role as her union representative, conducting his own investigation and turning over the recording to administration. Only afterward did he inform DDA Burrise of his actions and raise concerns—citing suspicion of a misdemeanor violation of Penal Code § 632(a) - unlawful recording of a confidential conversation. When DDA Burrise denied any wrongdoing, she explained to union representative DDA Grau that under California law, a communication is only confidential if the parties have a reasonable expectation that it will remain private. She noted how unreasonable it would be to assume she wouldn't share the meeting's content with her union representatives—just as DDA Nicole Devencenzi had done. Additionally, her reassignment was not a confidential matter. Grau acknowledged his misunderstanding, stating, "Oh, I didn't know that." Yet despite his admitted lack of legal knowledge, he escalated the matter further and filed a formal complaint against Burrise with the California State Bar,

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page   5

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

EXHIBIT A

-6-

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MARJORIE BURRISE V. SAN JOAQUIN COUNTY, et al. | |

falsely accusing her of a criminal act. In October 2024, the State Bar apparently agreed with DDA Burrise on the law and closed its investigation, with no finding of criminal, ethical, or moral misconduct. Yet the DA's Office used the same disproven allegation to justify terminating her by January 8, 2025.DDA Burrise appealed their decisions and multiple Skelly Hearings were held. Perhaps most disturbing: The first Skelly Hearing Officer, Stanislaus County District Attorney Jeff Laugero, found DDA Burrise "incompetent" for her internal email — only to offer her a job in his own office just weeks later. Laugero then went on to preside over her second Skelly Hearing regarding her termination, completed the hearing, and only recused himself after DDA Burrise directly confronted him about offering employment to someone he had deemed incompetent. Only then did he cite a conflict of interest.

During the two week period, without proper notification of change in status and coverage of her healthcare did not occur. She only discovered that her and her children did not have medical insurance coverage after the fact.

The second Skelly Hearing Officer, Sacramento County Deputy District Attorney Andrew Solomon, initially denied any conflict of interest, despite having directly supervised Chief DDA Mark Ott prior to Ott's promotion by DA Ron Freitas. Midway through the hearing, however, Solomon abruptly recused himself, raising serious questions about the integrity and impartiality of the disciplinary process. The third and final Skelly Hearing Officer, Sacramento County Deputy District Attorney Rochelle Beardsley, abandoned impartiality and used the proceeding to interrogate DDA Burrise about the recording. When Burrise invoked her Fifth Amendment right, Beardsley improperly treated her silence as proof of guilt and recommended termination—despite having no legal authority to determine criminal liability. This action not only violated Burrise's constitutional rights but also marked the culmination of a broader pattern of retaliatory discipline that began after she filed her EEOC complaint alleging racial and gender discrimination, retaliation, harassment, and unequal treatment. All Skelly Hearing Officers were selected by the San Joaquin County District Attorney's Office.

In June 2024, a White male Insurance Fraud DA investigator was placed on leave following an unsubstantiated fraud claim. He was not suspended without pay. In contrast, DDA Burrise—a Black woman—who was immediately removed and financially penalized for sending a professional, respectful internal email.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page ___6___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

EXHIBIT A

-7-

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MARJORIE BURRISE V. SAN JOAQUIN COUNTY, et al. | |

In March 2025, nearly a year after the District Attorney's internal investigation had concluded and several months after DDA Burrise was cleared by the California State Bar, the California Attorney General's Office contacted her about potential criminal charges for Penal Code § 632(a), stating they had "just received the case." When DDA Burrise asked if they were aware that the State Bar had already investigated and closed the matter, the AG's Office responded, "No, we were not. That information is good to know."

The AG referral coincided with the County's deadline to respond to the County Equal Employment Office's investigation into allegations of discrimination and retaliation. This raises serious concerns that the San Joaquin County District Attorney's Office sought to weaponize the Attorney General's Office to support a claim of vindictive prosecution—an effort to intimidate DDA Burrise and undermine her civil rights case. DA Ronald Freitas' documented history of racial bias includes two shooting convictions overturned for his racially discriminatory practices involving Black jurors.

Burrise was ultimately and wrongfully terminated from her position with the DA's office for insubordination.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

**Page** 7

| Form Approved by the Judicial Council of California MC-020 [New January 1, 1987] | **ADDITIONAL PAGE** **Attach to Judicial Council Form or Other Court Paper** | CRC 201, 501 |
|---|---|---|

EXHIBIT A

-8-

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MARJORIE BURRISE V. SAN JOAQUIN COUNTY, et al. | |

## FIRST CAUSE OF ACTION

**(U.S.C. AMEND I., et seq. RIGHT TO PETITION THE GOVERMENT FOR A REDRESS OF GRIEVANCES CLAUSE, FREEDOM OF ASSOCIATION, FREEDOM OF SPEECH AS AGAINST ALL DEFENDANTS)**

Plaintiff was speaking as a private citizen when her likeness appeared in a photo of a political opponent to District Attorney Ron Freitas and when she emailed Defendants on February 29, 2024. Defendants retaliated, subjected Plaintiff to adverse employment actions, demoted, and discharged Plaintiff. Plaintiff's perceived political affiliation, perceived support for a different candidate, and criticism of Defendants was a substantial motivating reason for Defendants' decision to demote and discharge Plaintiff. Plaintiff was harmed and Defendants' conduct was a substantial factor in causing Plaintiff's harm. See Attachment 1.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

**Page** _____ *8*

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

EXHIBIT A

-9-

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MARJORIE BURRISE V. SAN JOAQUIN COUNTY, et al. | |

## SECOND CAUSE OF ACTION

### (42 U.S.C.A. § 1981, et. seq. EQUAL RIGHTS UNDER THE LAW
### AS AGAINST ALL DEFENDANTS)

Defendants impaired Plaintiff's right to make and enforce contracts, which includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship by demoting, retaliated, subjected Plaintiff to adverse employment actions. Plaintiff's race was a determinative factor in Defendants' decisions. See Attachment 1.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page ___9___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

EXHIBIT A

-10-

SHORT TITLE:

MARJORIE BURRISE V. SAN JOAQUIN COUNTY, et al.

CASE NUMBER:

### THIRD CAUSE OF ACTION

### (42 U.S.C.A. § 1983, et. seq. CIVIL ACTION FOR DEPRIVATION OF RIGHTS AS AGAINST ALL DEFENDANTS)

Defendants intentionally demoted, retaliated, subjected Plaintiff to adverse employment actions, and discharged Plaintiff. Defendants were acting or purporting to act in performance of their official duties under color of law. Defendants conduct violated Plaintiff's rights to free speech, equal protection, due process, and privileges and immunities. Plaintiff was harmed and Defendants conduct was a substantial factor in causing Plaintiff's harm. See Attachment 1.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

**Page** 10

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

EXHIBIT A

-11-

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MARJORIE BURRISE V. SAN JOAQUIN COUNTY, et al. | |

# FOURTH CAUSE OF ACTION
## (UNRUH CIVIL RIGHTS ACT CIVIL CODE section 51 et
## seq. AS AGAINST ALL DEFENDANTS)

Defendants denied, aided, incited a denial or discrimination or made a distinction that denied full and equal accommodations, advantages, facilities, privileges, and/or services to Plaintiff.

A substantial motivating reason for Defendants conduct was its perception of Plaintiffs political affiliation and support for his opponent, her race as a black/African American, and her sex as a woman. Plaintiff's perceived political affiliation, her race, and her sex were the substantial motivating reasons for Defendants' conduct. Plaintiff was harmed and Defendants' conduct was a substantial factor in causing Plaintiff's harm. See Attachment 1.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court. | Page __11___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

EXHIBIT A

-12-

SHORT TITLE:

MARJORIE BURRISE V. SAN JOAQUIN COUNTY, et al.

CASE NUMBER:

## FIFTH CAUSE OF ACTION
### (DISCRIMINATION PROHIBITIED UNDER FEHA GOV CODE
### Section 12940(a) et seq. AS AGAINST SAN JOAQUIN COUNTY)

San Joaquin County (SJC) was Plaintiff's employer. Plaintiff was employed by Defendant and Defendant demoted, retaliated, and discharged Plaintiff, as well as subjected Plaintiff to adverse employment actions prior to. Plaintiff's perceived political affiliation, her sex, and her race were substantial motivating reasons for Defendant's decision to impose the adverse employment actions and discharge. Plaintiff was harmed, and Defendant's conduct was a substantial factor in causing Plaintiff's harm. See Attachment 1.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page ___12___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

EXHIBIT A

-13-

| SHORT TITLE: MARJORIE BURRISE V. SAN JOAQUIN COUNTY, et al. | CASE NUMBER: |
|---|---|

### SIXTH CAUSE OF ACTION
### (VIOLATION OF LABOR CODE Section 1198.5 et seq. AS
### AGAINST SAN JOAQUIN COUNTY)

Plaintiff was a former employee of Defendant at the time of Plaintiff's written request for her personnel file. Defendant employer failed to permit Plaintiff to inspect or copy her personnel records within the times specified by Labor Code, and to date have failed to permit inspection. Pursuant to the Labor Code, Plaintiff is entitled to $750 and an order from the court to demand inspection. See Attachment 1.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

**Page** ___13___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

EXHIBIT A
-14-

SHORT TITLE:
MARJORIE BURRISE V. SAN JOAQUIN COUNTY, et al.

CASE NUMBER:

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA PUBLIC RECORDS ACT GOV CODE Section 7920 et seq. AS AGAINST SAN JOAQUIN COUNTY)

Plaintiff made a request for certain records under the California Public Records Act along with her request for her personnel file. Defendant San Joaquin County actually received and responded with statement that it would provide said materials. It did not do so within the time frame required by the code, and as of the date of this filing, not done at all. Pursuant to the Government Code, Plaintiff is entitled to her attorney fees and costs. See Attachment 1.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page ___14___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

EXHIBIT A

-15-



EXHIBIT B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
Electronically Filed
Superior Court of California
County of San Joaquin
2025-07-16 15:21:12
Clerk: Janet Monaco

Case Management Conference
2026-01-20 8:45AM in 10B

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SAN JOAQUIN COUNTY, and DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARJORIE BURRISE

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Joaquin Superior Court
180 E. Weber Avenue
Stockton, CA 95202

CASE NUMBER:
*(Número del Caso):*
STK-CV-UPI-2025-0009685

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Mark Charles Bowman (SBN 143948) 1820 W. Kettleman Lane, Suite F, Lodi, CA 95242, (209) 367-3717

DATE: 2025-07-16   Stephanie Bohrer        Clerk, by _____ , Deputy
*(Fecha)*                         *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form |    | Clear this form |

EXHIBIT B
-2-



# EXHIBIT C

EXHIBIT C
-1-

**POS-020**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* SBN: 143948 | *FOR COURT USE ONLY* |
|---|---|
| NAME: Mark Bowman<br>FIRM NAME: Bowman Law Practice<br>STREET ADDRESS: 1820 W. Kettleman Ln. Suite F<br>CITY: Lddi, CA 95242<br><br>TELEPHONE NO.: (209) 367-3717          FAX NO. *(Optional):* (209)334-6045<br>E-MAIL ADDRESS *(Optional):*   Mark@Bowmanpractice.com<br>ATTORNEY FOR *(Name):*  Plaintiff Marjorie Burrise | Electronically Filed<br>Superior Court of California<br>County of San Joaquin<br>2025-12-08 15:23:15<br>Clerk: Haley Studer |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN**
STREET ADDRESS:  180 E. Weber Avenue
MAILING ADDRESS:  180 E. Weber Avenue
CITY AND ZIP CODE:  Stockton, CA 95202
BRANCH NAME:  Stockton Courthouse

PETITIONER/PLAINTIFF:  **MARJORIE BURRISE**
RESPONDENT/DEFENDANT:  **SAN JOAQUIN COUNTY**

| PROOF OF PERSONAL SERVICE—CIVIL | CASE NUMBER:<br>STK-CV-UPI-2025-0009685 |
|---|---|

***(Do not use this Proof of Service to show service of a Summons and Complaint.)***

1. I am over 18 years of age and **not a party to this action**.

2. I served the following **documents** *(specify):*Complaint, Summons, Civil Case Cover Sheet, and Notice of Case Assignment and Notice of Hearing.

☐ The documents are listed in the *Attachment to Proof of Personal Service—Civil (Documents Served)* (form POS-020(D)).

3. I personally served the following **persons** at the address, date, and time stated:

   a.  Name: San Joaquin County, Board of Supervisors ( Patty B)., County Clerk

   b.  Address: 44 North San Joaquin St. Stockton, CA 95202

   c.  Date: December 04, 2025

   d.  Time: 4:00 PM

   ☐ The persons are listed in the *Attachment to Proof of Personal Service—Civil (Persons Served)* (form POS-020(P)).

4. I am
   a.  ☐ not a registered California process server.
   b.  ☐ a registered California process server.
   c.  ☐ an employee or independent contractor of a registered California process server.
   d.  ☒ exempt from registration under Business & Professions Code section 22350(b).

5. My name, address, telephone number, and, if applicable, county of registration and number are *(specify):*

   Sandra Vargas.    1820 W. Kettleman Ln. Suite F., Lodi, CA 95242          (209) 367-3717

6. ☐ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

7. ☐ I am a California sheriff or marshal and certify that the foregoing is true and correct.

Date:  12/05/2025

Sandra Vargas
—————————————————————
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE PAPERS)

▶
—————————————————————
(SIGNATURE OF PERSON WHO SERVED THE PAPERS)

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-020 [New January 1, 2005] | **PROOF OF PERSONAL SERVICE—CIVIL** | Code of Civil Procedure, § 1011<br>*www.courts.ca.gov* |
|---|---|---|

EXHIBIT C
-2-

# INFORMATION SHEET FOR PROOF OF PERSONAL SERVICE—CIVIL

*(This information sheet is not a part of the Proof of Service form and does not need to be copied, served, or filed.)*

**NOTE:** This form should **not** be used for proof of service of a summons and complaint. For that purpose, use Proof of Service of Summons (form POS-010).

Use these instructions to complete the *Proof of Personal Service* (form POS-020).

A person at least 18 years of age or older must serve the documents. There are two main ways to serve documents: (1) by personal delivery and (2) by mail. Certain documents must be personally served. You must determine whether personal service is required for a document.

The person who personally served the documents must complete a proof of service form for the documents served. **You cannot serve documents if you are a party to the action.**

### INSTRUCTIONS FOR THE PERSON WHO SERVED THE DOCUMENTS

The proof of service should be printed or typed. If you have Internet access, fillable versions of the form are available at *www.courtinfo.ca.gov/forms.*

Complete the top section of the proof of service form as follows:

First box, left side: In this box print the name, address, and phone number of the person for whom you served the documents.

Second box, left side: Print the name of the county in which the legal action is filed and the court's address in this box. The address for the court should be the same as on the documents that you served.

Third box, left side: Print the names of the Petitioner/Plaintiff and Respondent/Defendant in this box. Use the same names as are listed on the documents that you served.

First box, top of form, right side: Leave this box blank for the court's use.

Second box, right side: Print the case number in this box. The number should be the same as the case number on the documents that you served.
*Complete all applicable items on the form:*
1.  You are stating that you are over the age of 18 and that you are not a party to this action.

2.  List the name of each document that you delivered to the person. If you need more space, check the box in item 2, complete the *Attachment to Proof of Personal Service–Civil (Documents Served)* (form POS-020(D)), and attach it to form POS-020.

3.  Provide the name of each person served, the address where you served the documents, and the date and time of service. If you served more than one person, check the box in item 3, complete the *Attachment to Proof of Personal Service–Civil (Persons Served)* (form POS-020(P)), and attach it to form POS-020.

4.  Check the box that applies to you. If you are a private person serving the documents for a party, check box "a."

5.  Print your name, address, and telephone number. If applicable, include the county in which you are registered as a process server and your registration number.

6.  You must check this box if you are not a California sheriff or marshal. You are stating under penalty of perjury that the information you have provided is true and correct.

7.  Do not check this box unless you are a California sheriff or marshal.

**At the bottom, fill in the date on which you signed the form, print your name, and sign the form at the arrow. By signing, you are stating under penalty of perjury that all the information that you have provided on form POS-020 is true and correct.**

---

POS-020 [New January 1, 2005]        **PROOF OF PERSONAL SERVICE—CIVIL**

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

| Print this form | Save this form | | Clear this form |

EXHIBIT C

-3-



# EXHIBIT D

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Mark Charles Bowman (SBN 143948)
Bowman Law Practice
1820 W. Kettleman Lane, Suite F, Lodi, CA 95242
TELEPHONE NO.: (209) 3667-3717     FAX NO. :
EMAIL ADDRESS: mark@bowmanpractice.com
ATTORNEY FOR *(Name):* Plaintiff Marjorie Burrise

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN JOAQUIN
STREET ADDRESS: 180 E. Weber Avenue
MAILING ADDRESS: 180 E. Weber Avenue
CITY AND ZIP CODE: Stockton, CA 95202
BRANCH NAME: Stockton Courthouse

CASE NAME: MARJORIE BURRISE V. SAN JOAQUIN COUNTY, et al.

FOR COURT USE ONLY:
Electronically Filed
Superior Court of California
County of San Joaquin
2025-07-16 15:21:12
Clerk: Janet Monaco

Case Management Conference
2026-01-20 8:45AM in 10B

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [X] **Unlimited** (Amount demanded exceeds $35,000) [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | STK-CV-UPI-2025-0009685  JUDGE:  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 16, 2025

Mark Charles Bowman
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

EXHIBIT D

-2-

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                                                CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
    Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
        Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic
    relations)*
Sister State Judgment
Administrative Agency Award
    *(not unpaid taxes)*
Petition/Certification of Entry of
    Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. January 1, 2024]                  **CIVIL CASE COVER SHEET**                              **Page 2 of 2**

**For your protection and privacy, please press the Clear
This Form button after you have printed the form.**

EXHIBIT D
-3-

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**180 E Weber Avenue**
**Stockton, CA 95202**

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

Case Number: **STK-CV-UPI-2025-0009685**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date:  01/20/2026 | Time:  8:45 AM Department: 10B |
|---|---|---|
| **JUDGE** | **COURT LOCATION** | **PHONE Numbers:** |
| THIS CASE HAS BEEN ASSIGNED TO JUDGE BLANCA BANUELOS IN DEPARTMENT 10B FOR ALL PURPOSES, INCLUDING TRIAL. | Stockton | Stockton: 209-992-5693<br>Lodi:       209-992-5522 |

[ **X** ] ADR & Scheduling Information is available on court website @ sjcourts.org/self-help

1.  You must:

    a.  **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of the filing of the complaint. (CRC 3.110)

    b.  **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

    c.  **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

    d.  **Collection cases** are managed pursuant to CRC 3.740.

2.  Case Management Conferences, Law and Motion and Ex Partes will be held remotely unless ordered otherwise. For telephonic appearance phone numbers, information and instructions visit @ https://www.sjcourts.org/divisions/civil/ .

3.  If this case was eFiled, the plaintiff/petitioner or their attorney must access their copy of this notice and the issued summons for service from the court's case management system at the following link: cms.sjcourts.org/fullcourtweb/start.do.

4.  Courtesy Copies: Courtesy copies must be submitted as outlined in Local Rule 3-117. Courtesy copies (only) may be placed in the drop boxes located on the 10th and 11th floor. Courtesy copies can also be placed in the drop box located outside of the courthouse.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules and forms.

Date: 07/16/2025                                     _____Janet Monaco_____,Deputy Clerk

**NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING**

EXHIBIT D

-4-

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 143948 | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY     STATE BAR NUMBER: 143948

NAME: Mark Charles Bowman

FIRM NAME: Bowman Law Practice

STREET ADDRESS: 1820 W. Kettleman Ln. Suite F

CITY: Lodi     STATE: CA     ZIP CODE: 95242

TELEPHONE NO.: (209) 367-3717     FAX NO.: (209) 334-6045

EMAIL ADDRESS: Mark@bowmapractice.com

ATTORNEY FOR (name): Plaintiff Marjorie Burrise

**FOR COURT USE ONLY**

Electronically Filed
Superior Court of California
County of San Joaquin
2025-12-23 09:50:18
Clerk: Danielle Jeandebien

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN JOAQUIN

STREET ADDRESS: 180 E. Weber Ave.

MAILING ADDRESS: 180 E. Weber Ave.

CITY AND ZIP CODE: Stockton, CA 95202

BRANCH NAME: Stockton Courthouse

PLAINTIFF/PETITIONER: MARJORIE BURRISE

DEFENDANT/RESPONDENT: SAN JOAQUIN COUNTY, et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one): [X] **UNLIMITED CASE** (Amount demanded exceeds $35,000)  [ ] **LIMITED CASE** (Amount demanded is $35,000 or less) | STK-CV-UPI-2025-0009685 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: January 20, 2026     Time: 8:45 AM     Dept.: 10 B     Div.:     Room:

Address of court (if different from the address above):

[X] **Notice of Intent to Appear by Telephone, by** (name): Mark Charles Bowman

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. [X] This statement is submitted by party (name): Plaintiff Marjorie Burrise
   b. [ ] This statement is submitted **jointly** by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date): July 16, 2025
   b. [ ] The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [X] The following parties named in the complaint or cross-complaint

   (1) [ ] have not been served (specify names and explain why not):

   (2) [X] have been served but have not appeared and have not been dismissed (specify names):
       San Joaquin County

   (3) [ ] have had a default entered against them (specify names):

   c. [ ] The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in [X] complaint [ ] cross-complaint     (Describe, including causes of action):
      Causes of action for: Right to Petition the Government for a Redress of Grievance Clause, Freedom of Association, Freedom of Speech; Equal Rights under the Law; Civil Action for Deprivation of Rights; Unruh Civil Rights Action Civil Case Section 51; Discrimination; Violation of Labor Code Section 119 E.S et seq.; Violation of California Public Records Act.

**Page 1 of 5**

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. January 1, 2024] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, rules 3.720–3.730 www.courts.ca.gov |
|---|---|---|

EXHIBIT D

-5-

**CM-110**

| PLAINTIFF/PETITIONER: MARJORIE BURRISE | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SAN JOAQUIN COUNTY, et al. | *STK-CV-UPI-2025-0009685* |

4. b. Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief):* *Retaliation & civil rights violations with lost wages over $250,000.00 Demand for San Joaquin County to produce responsive records under CPRA*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):* December 17-28, 2025; January 06, 12-16, 2026; February 5-8, 2026; March 12, 21-30, 2026; April 20-27, 2026; May 20-27, 2026; July 13, 31, 2026; August 10, 2026; September 14-24, 2026.

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

a. ☒ days *(specify number): 14*

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:       f. Fax number:

e. Email address:       g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☒ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):* Amount in Controversy exceeds $50,000.00

| CM-110 [Rev. January 1, 2024] | **CASE MANAGEMENT STATEMENT** | **Page 2 of 5** |
|---|---|---|

EXHIBIT D

-6-

**CM-110**

| PLAINTIFF/PETITIONER:  MARJORIE BURRISE | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  SAN JOAQUIN COUNTY, et al. | STK-CV-UPI-2025-0009685 |

10. c. In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date):*<br>[ ] Agreed to complete mediation by *(date):*<br>[ ] Mediation completed on *(date):* |
| (2) Settlement conference | [x] | [x] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date):*<br>[ ] Agreed to complete settlement conference by *(date):*<br>[ ] Settlement conference completed on *(date):* |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date):*<br>[ ] Agreed to complete neutral evaluation by *(date):*<br>[ ] Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date):*<br>[ ] Agreed to complete judicial arbitration by *(date):*<br>[ ] Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date):*<br>[ ] Agreed to complete private arbitration by *(date):*<br>[ ] Private arbitration completed on *(date):* |
| (6) Other *(specify):* | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date):*<br>[ ] Agreed to complete ADR session by *(date):*<br>[ ] ADR completed on *(date):* |

EXHIBIT D

-7-

**CM-110**

| PLAINTIFF/PETITIONER: MARJORIE BURRISE | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SAN JOAQUIN COUNTY, et al. | STK-CV-UPI-2025-0009685 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

   (1) Name of case:

   (2) Name of court:

   (3) Case number:

   (4) Status:

   ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | May 2026 |
| Plaintiff | Deposition | July 2026 |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110 [Rev. January 1, 2024]

**CASE MANAGEMENT STATEMENT**

Page 4 of 5

EXHIBIT D

-8-

**CM-110**

| PLAINTIFF/PETITIONER: MARJORIE BURRISE | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SAN JOAQUIN COUNTY, et al. | STK-CV-UPI-2025-0009685 |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* 1

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 12/23/2025

Mark Charles Bowman



_____    ▶ _____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY)

_____    ▶ _____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY)

    ☐ Additional signatures are attached.

---

CM-110 [Rev. January 1, 2024]    **CASE MANAGEMENT STATEMENT**    **Page 5 of 5**

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**    | Print this form | Save this form |    | Clear this form |

EXHIBIT D

12/31/25, 2:24 PM

FullCourt Enterprise - Civil ROA Summary

## Superior Court San Joaquin

SEARCHES    CASES    SCHEDULING                                                              LOGO

Public : Cases By Attorney Search· STK-CV-UPI-2025-0009685· ROA Summary

**CIVIL CASE**

Case Status

Civil Case

Civil Hearings

Document Mgmt

Judges

ROA

**CIVIL ROA SUMMARY** ▸ STK-CV-UPI-2025-0009685   Marjorie Burrise vs San Joaquin County    **CASE STATUS** ▸

SORT DATE   ● Ascending  ○ Descending

Advanced Search ◀

| | | |
|---|---|---|
| FROM DATE | 00/00/0000 📅 | TO DATE 00/00/0000 📅 |
| CODE | | TEXT |
| WITH DOCUMENT | ☐ | |

SEARCH    CANCEL

| | | | | | |
|---|---|---|---|---|---|
| **\*DATE** | 07/16/2025 03:21 PM | **\*JUDGE** | Banuelos, Blanca | MICROFILM NUMBER | |
| SEALED | ☐ | CODE | CI | ACTION TYPE | |
| **\*TEXT** | Case initiated. | | | | |
| DOCUMENTS | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **\*DATE** | 07/16/2025 03:21 PM | **\*JUDGE** | Banuelos, Blanca | MICROFILM NUMBER | |
| SEALED | ☐ | CODE | NOCASI | ACTION TYPE | |
| **\*TEXT** | Notice of Case Assignment and Scheduling Information. | | | | |
| DOCUMENTS | NOTICE OF CASE ASSIGNMENT SCHEDULING INFORMATION | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **\*DATE** | 07/16/2025 03:21 PM | **\*JUDGE** | Banuelos, Blanca | MICROFILM NUMBER | |
| SEALED | ☐ | CODE | ACCTPMT | ACTION TYPE | |
| **\*TEXT** | Payment received by Mark Bowman in the amount of $435.00. Receipt number 1053598. | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **\*DATE** | 07/16/2025 03:21 PM | **\*JUDGE** | Banuelos, Blanca | MICROFILM NUMBER | |
| SEALED | ☐ | CODE | ATTORNEY RETAINED | ACTION TYPE | |
| **\*TEXT** | Attorney, Mark C Bowman, retained for Marjorie Burrise . | | | | |
| DOCUMENTS | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **\*DATE** | 07/16/2025 03:21 PM | **\*JUDGE** | Banuelos, Blanca | MICROFILM NUMBER | |
| SEALED | ☐ | CODE | FILE | ACTION TYPE | |
| **\*TEXT** | Complaint Unlimited Civil (over $35,000) filed by Burrise, Marjorie. | | | | |
| DOCUMENTS | COMPLAINT | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **\*DATE** | 07/16/2025 03:21 PM | **\*JUDGE** | Banuelos, Blanca | MICROFILM NUMBER | |
| SEALED | ☐ | CODE | FILE | ACTION TYPE | |
| **\*TEXT** | Civil Case Cover Sheet filed by Burrise, Marjorie. | | | | |
| DOCUMENTS | CM010 CIVIL CASE COVER SHEET | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **\*DATE** | 07/16/2025 03:21 PM | **\*JUDGE** | Banuelos, Blanca | MICROFILM NUMBER | |
| SEALED | ☐ | CODE | SUMIS | ACTION TYPE | |
| **\*TEXT** | Summons issued and filed. | | | | |
| DOCUMENTS | SUM100 SUMMONS CIVIL | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **\*DATE** | 07/16/2025 03:21 PM | **\*JUDGE** | Banuelos, Blanca | MICROFILM NUMBER | |
| SEALED | ☐ | CODE | SHSET | ACTION TYPE | |
| **\*TEXT** | Hearing regarding: Case Management Conference , set for 01/20/2026 at 8:45 AM before Hon. Blanca Banuelos in Department 10B. | | | | |
| DOCUMENTS | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **\*DATE** | 12/08/2025 03:23 PM | **\*JUDGE** | Banuelos, Blanca | MICROFILM NUMBER | |
| SEALED | ☐ | CODE | FILE | ACTION TYPE | |
| **\*TEXT** | Proof of Personal Service filed by Burrise, Marjorie. | | | | |
| DOCUMENTS | PROOF OF SERVICE | | | | |

EXHIBIT D

-10-

| | | | | |
|---|---|---|---|---|
| | *DATE 12/23/2025 09:50 AM | *JUDGE Banuelos, Blanca | MICROFILM NUMBER | |
| | SEALED ☐ | CODE FILE | ACTION TYPE | |
| ☐ | *TEXT Case Management Statement filed by Burrise, Marjorie. | | | |
| | DOCUMENTS CM110 CASE MANAGEMENT STATEMENT | | | |

LIST     REFRESH     CANCEL

EXHIBIT D

-11-



# EXHIBIT E

GEOFFREY SPELLBERB (SBN 121079)
gspellberg@publiclawgroup.com
STEVE CIKES (SBN 235413)
scikes@publiclawgroup.com
RENNE PUBLIC LAW GROUP
350 Sansome Street, Suite 300
San Francisco, California 94104
Telephone: (415) 848-7200
Facsimile:  (415) 848-7320

Attorneys for Defendant
COUNTY OF SAN JOAQUIN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN JOAQUIN

| | |
|---|---|
| MARJORIE BURRISE, individually,<br><br>Plaintiff,<br><br>v.<br><br>SAN JOAQUIN COUNTY; DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. STK-CV-UPI-2025-0009685<br><br>*Assigned for All Purposes to Judge Blanca Banuelos Dept. 10B*<br><br>EXEMPT FROM FEES (GOV. CODE § 6103)<br><br>**DEFENDANT COUNTY OF SAN JOAQUIN'S NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** |

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United States District Court for the Eastern District of California on January 2, 2026, Case No. _____.

A copy of said Notice of Removal with supporting exhibits and the Civil Case Cover Sheet are attached as Exhibit A to this Notice and are served and filed herewith.

RENNE PUBLIC LAW GROUP
Attorneys at Law

-1-
NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT     Case No. STK-CV-UPI-2025-0009685

EXHIBIT E
-2-

Dated:  January 2, 2026

RENNE PUBLIC LAW GROUP

By: _____

STEVE CIKES

Attorneys for Defendant
COUNTY OF SAN JOAQUIN

RENNE PUBLIC LAW GROUP
Attorneys at Law

-2-

NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT          Case No. STK-CV-UPI-2025-0009685

EXHIBIT

-3-

**PROOF OF SERVICE**

I, the undersigned, am Employed By RENNE PUBLIC LAW GROUP. My business address is 350 Sansome Street, Suite 300, San Francisco, California 94104. I am readily familiar with the business practices of this office. I am over the age of 18 and not a party to this action.

On January 2, 2026, I served the following document(s):

**DEFENDANT COUNTY OF SAN JOAQUIN'S NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**

by the following method(s):

☒ **Overnight Delivery.** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses on the attached Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒ **Electronic Mail.** Copies of the above document(s) in PDF format were transmitted to the e-mail addresses of the parties on the below Service List.

**SERVICE LIST**

| | |
|---|---|
| Mark Bowman<br>Bowman Law Practice<br>1820 W Kettleman Ln, Suite F<br>Lodi, CA 95242<br>Phone: (209) 367-3717<br>mark@bowmanpractice.com | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 2, 2026 at San Francisco, California.

*Sherry Sly*
_____
Sherry Sly

RENNE PUBLIC LAW GROUP
Attorneys at Law

-3-

NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT     Case No. STK-CV-UPI-2025-0009685

EXHIBIT E

-4-
